### Russell J. MACK

v.

### A. C. LAWRENCE LEATHER COMPANY and/or American Mutual Insurance Company.

Supreme Judicial Court of Maine.

Nov. 10, 1978.

---

Beliveau & Beliveau, P.A. by Albert J. Beliveau, Jr., Rumford (orally), for plaintiff.

Robinson, Hunt & Kriger by L. Sarah M. Allison, Portland (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

Defendants appeal from a pro forma decree entered in the Superior Court, Oxford County, affirming a Workers' Compensation Commission decree awarding plaintiff compensation for an injury sustained while he was employed by defendant A. C. Lawrence Leather Co.

Defendants raise two points on appeal. First, that the Commissioner erred by refusing to allow various employees of defendant Lawrence to testify as to conversations held with plaintiff; and second, that plaintiff failed to provide defendants with notice of his injury within the statutory time period, thereby mandating the denial of his petition for compensation.

We sustain the appeal.

For the two years prior to his injury, plaintiff was employed as a millwright at the A. C. Lawrence Leather Company. Among his various duties, plaintiff was charged with repairing damaged paste pans, a job often requiring heavy lifting. He alleged that on September 23, 1976, while engaged in such repairs, he injured his back. As a result of that injury, plaintiff was eventually hospitalized and subsequently underwent surgery. As of March 15, 1977, the date of the last hearing before the Commission, plaintiff was still unable to work. His physician opined that once plaintiff's condition improves, he will be limited to jobs requiring only light or moderate lifting.

In answer to plaintiff's petition, defendants raised the defense of lack of notice. See 39 M.R.S.A. §§ 63, 64 (Supp.1977).[1] In an attempt to discredit that assertion, plaintiff testified that while in the hospital he had told Ralph Pomeroy, defendant Lawrence's personnel manager, that the injury had occurred while he was lifting a paste pan. During cross-examination defendants' counsel attempted to establish through such cross-examination that although a conversation had in fact taken place, what Mack had said was quite different from that claimed

---

1. 39 M.R.S.A. § 63 reads:

No proceedings for compensation under this Act, except as provided, shall be maintained unless a notice of the injury shall have been given within 30 days after the date thereof. Such notice shall include the time, place and cause, and the nature of the injury, together with the name and address of the person injured. It shall be given by the person injured or by a person in his behalf; or, in the event of his death, by his legal representatives, or by a dependent or by a person in behalf of either.

Such notice shall be given to the employer, or to one employer if there are more employers than one; or, if the employer is a corporation, to any official thereof; or to any employee designated by the employer as one to whom reports of accidents to employees should be made. It may be given to the general superintendent or to the foreman in charge of the particular work being done by the employee at the time of the injury.

in his direct testimony and that what he in fact had said did not establish notice. The Commissioner, however, in response to plaintiff's objection, excluded the testimony on the grounds that defendants had failed to comply with the requirements of 39 M.R. S.A. § 112 (Supp.1973),[2] thereby precluding the use of any statements made by plaintiff to defendants' representatives. The Commissioner sustained a subsequent objection on the same grounds when defendants sought to introduce testimony regarding the conversation through Mr. Pomeroy.

■ Defendants now contend that the Commissioner's ruling was erroneous, either because the Mack-Pomeroy conversation did not constitute a *"statement"* within the meaning of 39 M.R.S.A. § 112, or because plaintiff's initial introduction of part of the conversation *"opened the door"* for defendants to bring forth the remainder.[3] Defendants also argue that they would be denied *"due process of law"* if plaintiff was allowed to testify to the conversation without defendants having an opportunity to cross-examine on the substance of the testimony.

39 M.R.S.A. § 112 renders inadmissible all statements *"to any investigator or employer's representative, of any kind, either oral or written, recorded or unrecorded, made by*

**2.** 39 M.R.S.A. § 112 states:

*No statement, except made in proceedings before the Industrial Accident Commission, to any investigator or employer's representative, of any kind, oral or written, recorded or unrecorded, made by the injured employee shall be admissible in evidence or considered in any way in any proceeding under this Title unless:*
*1. It is in writing;*
*2. A true copy of said statement is delivered to the employee by certified mail;*
*3. The employee has been previously advised in writing:*
*A. That the statement may be used against him;*
*B. That the employer (insurance carrier) may have pecuniary interest adverse to the employee;*
*C. The employee may consult with counsel prior to making any statements;*
*D. The employee may decline to make any statement;*
*E. The employer may not discriminate against him in any manner for refusing to*

*the injured employee . . . ."* The last sentence of that section, however, provides two exceptions to the general proscription. One of those states that § 112 *"shall not apply to . . . the admissibility of statements to show compliance with the notice requirements of sections 63 and 64"* of Title 39. Mr. Mack's testimony regarding the Mack-Pomeroy conversation was limited to showing he had notified his employer of the injury, thereby falling within the exception. Mr. Mack now argues that defendants may not present Mr. Pomeroy's testimony as to what the conversation actually was.

Plaintiff premises his argument against defendants' use of the Mack-Pomeroy conversation on a very narrow construction of the exception to the general proscription. Specifically, plaintiff contends that the plain meaning of the statutory language evidences a legislative intention that only those statements used to show *compliance* fall within the exception. Had the legislature intended to allow employers to use otherwise inadmissible statements to show non-compliance, he says, it would have said so.

We disagree.

■ The language in question merely states that statements are admissible *to*

*make such a statement or exercising in any way his rights under this Title.*
*This section shall not apply to agreements for the payment of compensation made pursuant to the Workmen's Compensation Act or to the admissibility of statements to show compliance with the notice requirements of sections 63 and 64.*

**3.** Defendants also argue that the Commissioner erroneously excluded testimony regarding a conversation plaintiff had with Joseph Bolduc, an employee of defendant Lawrence. The record shows, however, that defendants never presented the Commissioner with an opportunity to rule on the admissibility of that evidence. Rather, counsel apparently assumed that the testimony would be excluded and, therefore, chose not to call Bolduc as a witness for any purpose other than to make an offer of proof. Since defendants failed to offer the testimony before the Commissioner, they are precluded from raising it on appeal. *Cf., Sawin v. Town of Winslow*, Me., 253 A.2d 694 (1969).

*show* compliance. Aside from the possible due process problems inherent in plaintiff's construction, we are unwilling to ascribe to the legislature an intention to allow an employee the use of a statement to show *compliance* while denying an employer the opportunity to refute the accuracy of the worker's version of what the statement was. Rather, we find the proper construction to be that which allows all aspects of the notice issue to fall within the exception.[4] Assuming that the Mack-Pomeroy conversation was a *"statement"* within the meaning of § 112, its initial introduction by plaintiff entitled defendants to introduce testimony to refute the accuracy of the worker's version of the statement *bearing on the issue of notice.*

 The Commissioner, in his decree, found as a fact that defendants had received notice of plaintiff's injury. Ordinarily we would not disturb such a finding absent a showing that it was not supported by competent evidence.[5] *Page v. General Electric Co.*, Me., 391 A.2d 303 (1978). Here, however, the Commissioner made his finding without the benefit of the erroneously excluded evidence. We, therefore, remand this case to the Commission for further proceedings solely on the issue of notice.

In light of our discussion above, we need not reach defendants' other points on appeal.

The entry is:

Appeal sustained.

Judgment vacated.

Remanded to the Superior Court for remand, in turn, to the Workers' Compensation Commission for further proceedings consistent with this opinion.

It is further ordered that employer pay employee $550 for his counsel fees plus his actual out-of-pocket expenses of this appeal.

DELAHANTY, J., did not sit.

---

4. Were we to adopt plaintiff's construction of § 112, we would be forced to address the question of whether a statute prohibiting the use of a statement by one party, while at the same time denying to the employer the right to refute the accuracy of the statement, comports with the requirements of due process. We are constrained from ascribing such an intent to the legislature where another construction obviates the necessity of addressing the constitutional issue, without straining the actual language of the statute. *Cf. Farmington Dowel Products Co. v. Forster Manufacturing Co.*, 153 Me. 265, 136 A.2d 542, 547 (1958).

5. Our decision is in no way to be taken as a determination of the sufficiency, or lack thereof, of the evidence supporting the Commissioner's finding regarding notice.