Salvatore CICCOTELLI

v.

KTS INDUSTRIES, INC.

and

Lumbermen's Mutual Casualty Company.

Supreme Judicial Court of Maine.

Argued June 18, 1980.

Decided July 3, 1980.

Murray, Plumb & Murray by Clarke C. Hambley, Jr. (orally), Portland, for plaintiff.

Richardson, Tyler & Troubh by Robert L. Hazard, Jr. (orally), Ronald D. Russell, Portland, for defendants.

Before McKUSICK, C. J., and WERNICK, GLASSMAN and ROBERTS, JJ.

PER CURIAM.

Salvatore Ciccotelli appeals from two pro forma decrees entered by the Superior Court, Franklin County. In CV–79–125, the Superior Court affirmed a decision of the Workers' Compensation Commission which dismissed the worker's petition to determine the extent of permanent impairment. In CV–79–136, the Superior Court affirmed a decision of the Commission which dismissed the worker's petitions for further compensation, for an award of compensation and to annul an agreement to pay compensation and which dismissed in part a petition to determine an amount to be allowed for medical, surgical and hospital services. Because both actions arise from a single industrial injury and involve one

common claim of error, the appeals were consolidated by order of this Court.

 These appeals are utterly frivolous. The worker asserts that the Commission committed prejudicial error in refusing to take additional testimony from him at a consolidated hearing on all the petitions. The worker claims that if permitted to testify again he would have told the Commission that he suffered no injury to his right knee subsequent to the industrial accident in 1976. The worker, however, failed to make an appropriate offer of proof before the Commission. *See* M.R.Evid. 103(a); Workers' Compensation Commission Rule 15; *cf. Mack v. A. C. Lawrence Leather Co.,* Me., 393 A.2d 544, 546 n.3 (1978). Even if the claim of error had been properly preserved, the proposed testimony was irrelevant to the Commission's determination that no causal nexus exists between the 1976 injury and any current disability. *See, e. g., Widdecombe v. National Sea Products, Inc.,* Me., 389 A.2d 39, 41 (1978). This conclusion was in no way dependent upon an "implied finding" that the worker had suffered a subsequent injury but rather was consistent with the medical evidence that the worker's present disability is degenerative in origin.

 We are constrained to note the protracted nature of the proceedings below. The first of the five petitions involved in these appeals was filed nearly three years ago. Five hearings were held on these petitions; seven additional hearings were scheduled but continued either by agreement or at the request of the worker's attorney. The purpose of the workers' compensation system is to provide an effective and expeditious means of compensating injured workers for loss of earning capacity. *E. g., Roberts v. American Chain & Cable Co.,* Me., 259 A.2d 43, 49 (1969). Although we are unable to assess responsibility for the inordinate delay in resolving these matters, we remind the Bar and the Commission of the statutory mandate that the Commission's procedural orders shall assure "a speedy, efficient and inexpensive disposition of all proceedings." 39 M.R.S.A. § 92.

The entry is:

Judgments affirmed.

No allowance of counsel fees or disbursements made to the employee's counsel.

All concurring.