**Richard R. CARON**

v.

**SCOTT PAPER CO.**

Supreme Judicial Court of Maine.

Argued March 5, 1982.

Decided Aug. 3, 1982.

**330**

McTeague, Higbee & Tucker, Catherine A. Rotroff (orally), Maurice A. Libner, Brunswick, for plaintiff.

Richardson, Tyler & Troubh, John W. Chapman (orally), David O'Brien, S. Peter Mills, III, Portland, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

GODFREY, Justice.

Employer Scott Paper Co. ["Scott"] appeals from a pro forma judgment of the Superior Court affirming the Workers' Compensation Commission's award of compensation to employee Richard R. Caron. Caron was awarded compensation for total incapacity for the period February 18 through April 14, 1980, during which he was recovering from surgery performed on his knee. We affirm the judgment.

■■■ On appeal Scott challenges, as unsupported by competent evidence, the Commissioner's findings (1) that Caron gave adequate notice[1] of his work-related injury to Scott and (2) that Caron's injury was caused by a work-related accident. On review, the findings of the Commissioner are conclusive if supported by competent evidence. *Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512, 517 (1980). It is immaterial that there is also evidence tending to support a contrary decision. *Madore v. Bangor Roof & Sheet Metal Co.*, Me., 428 A.2d 1184, 1187 (1981). After a careful examination of the record, this Court is satisfied that the Commissioner's findings are supported by competent evidence and hence may not be disturbed.

Acting pursuant to 39 M.R.S.A. § 112 (1978), the Commissioner limited to the issue of notice the use of certain statements made by Caron. Scott challenges that limitation. Section 112 provides that no statements of any kind made by an injured employee to any investigator or employer's representative shall be admissible in evidence or considered in any way in proceedings before the Commission unless certain enumerated safeguards are met.[2] The otherwise mandatory requirements of section 112 do not apply "to agreements for the payment of compensation made pursuant to the Workers' Compensation Act or to the admissibility of statements to show compliance with the notice requirements of sections 63 and 64."

---

1. By statute, an injured worker must inform his employer or representative of the employer of his injury, the nature of the injury and the time, place and cause thereof within thirty days in order to be eligible for workers' compensation. 39 M.R.S.A. § 63 (1978). Notice under section 63 is not invalid for want of accuracy, absent proof of an intention to mislead and proof that the employer was in fact misled. 39 M.R.S.A. § 64 (1978).

2. Section 112 provides as follows:

> No statement, except made in proceedings before the Workers' Compensation Commission, to any investigator or employer's representative, of any kind, oral or written, recorded or unrecorded, made by the injured employee shall be admissible in evidence or considered in any way in any proceeding under this Title unless:
> 1. *In writing.* It is in writing;
> 2. *Delivery of true copy to employee.* A true copy of said statement is delivered to the employee by certified mail;

3. *Employee advised in writing.* The employee has been previously advised in writing:
> A. That the statement may be used against him;
> B. That the employer (insurance carrier) may have pecuniary interest adverse to the employee;
> C. The employee may consult with counsel prior to making any statements;
> D. The employee may decline to make any statement;
> E. The employer may not discriminate against him in any manner for refusing to make such a statement or exercising in any way his rights under this Title.
> This section shall not apply to agreements for the payment of compensation made pursuant to the Workers' Compensation Act or to the admissibility of statements to show compliance with the notice requirements of sections 63 and 64.

In this case Scott sought to introduce in evidence certain statements made by employee Caron to its representative which were relevant to both the issue of notice and the issue of compensability of the injury. Caron's statements clearly did not satisfy the requirements of section 112. The Commissioner admitted the statements on the issue of notice, following *Mack v. A. C. Lawrence Leather Co.*, Me., 393 A.2d 544 (1978), but refused to consider them as evidence of noncompensability. Scott argues that because Caron had already testified without apparent limitation about the substance of his statements to Scott's representative, the door should have been open to further testimony without limitation. The Commissioner's ruling was correct: statements that do not meet the enumerated requirements may not be considered on the issue of compensability even for the purpose of impeaching the employee's testimony. *See Coleman v. Ballenger Auto Co.*, Me., 445 A.2d 1023 (1982); *Gordon v. Colonial Distributors*, Me., 425 A.2d 625 (1981). The Commissioner was therefore obliged under section 112 to limit to the issue of notice Scott's evidence of statements made by Caron.

Scott further argues that by doing so, section 112 denies it a fair hearing contrary to due process of law, citing *Vlandis v. Kline*, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973), holding invalid, under the due process clause of the fourteenth amendment, a state statute creating an irrebuttable presumption of nonresidency for instate tuition purposes. The argument has little merit. Legislative limitations on the use of evidence do not violate due process if the purpose of the legislation is rational and free from invidious discrimination. *Cf. Weinberger v. Salfi*, 422 U.S. 749, 768, 95 S.Ct. 2457, 2468, 45 L.Ed.2d 522 (1975) (presumptive classifications made by Congress in social welfare legislation are constitutional if rational and nondiscriminatory). Section 112 serves a rational purpose: to some extent, at least, it ensures that all statements given by an unsophisticated employee to the sophisticated employer or his representative are usable against the employee only when the employee, while making the statements, has been made fully aware of his rights and the potential adverse interest of the employer. *See* 3 Me.Legis.Rec. 4643–46 (1973). *See also Gordon v. Colonial Distributors*, 425 A.2d at 627 (purpose of statute is to "equalize the score" between employer and employee). The provisions of section 112, being neither arbitrary nor invidiously discriminatory in effect, do not violate the employer's right to due process of law.

The entry is:

Judgment affirmed.

It is further ordered that the employer pay to the employee an allowance of $550.00 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.

All concurring.