John P. LeBLANC

v.

**UNITED ENGINEERS & CONSTRUCTORS INC.**

and

**Commercial Union Insurance Co.**

**Norman LaPOINTE**

v.

**UNITED ENGINEERS & CONSTRUCTORS INC.**

and

**Commercial Union Insurance Co.**

Supreme Judicial Court of Maine.

Argued Oct. 3, 1990.

Decided Jan. 8, 1991.

---

Douglas Kaplan (orally), Bornstein & Hovermale, Portland, for plaintiffs.

John King, Jr. (orally), Norman, Hanson & DeTroy, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

GLASSMAN, Justice.

On these cases consolidated for this appeal United Engineers & Constructors Inc., the employer of John P. LeBlanc and Norman LaPointe, and its insurance carrier, Commercial Union Insurance Co., appeal from the decisions of the Appellate Division affirming the awards of the Workers' Compensation Commission (Commission),

granting disability benefits to John P. Le-Blanc and Norman LaPointe. They contend that the full faith and credit owed to the prior New Hampshire awards to these two employees was a bar to the Commission's subject matter jurisdiction of these cases. We hold that the Commission's separate awards did not violate the full faith and credit due New Hampshire statutes and judgments and affirm the decisions of the Appellate Division.

John P. LeBlanc and Norman LaPointe both were Maine residents who commuted from their homes in Maine to their place of work for United Engineers at the Seabrook nuclear power plant construction site in New Hampshire. United Engineers was licensed to do business in Maine and drew a large fraction of its Seabrook work force from Maine during this period. On January 23, 1986, while working as a union carpenter at Seabrook, LeBlanc tripped and fell, sustaining a broken neck. He was hospitalized in Maine and eventually released, totally incapacitated. United Engineers voluntarily paid LeBlanc workers' compensation benefits in New Hampshire pursuant to a memorandum of payment. LeBlanc subsequently applied to the Commission and was awarded total incapacity benefits from the date of his injury, with the amount of the award reduced by the amount of the benefits paid LeBlanc under the New Hampshire statute.

Norman LaPointe sustained a back injury when he bent over to pick up a time sheet while working as a foreman at Seabrook on August 8, 1986. Some five weeks after his injury LaPointe was laid off and began receiving unemployment benefits, and twelve weeks after that he was able to return to work. LaPointe filed workers' compensation claims in New Hampshire and Maine. The New Hampshire claim was decided by a hearing officer who awarded LaPointe benefits only for the initial five weeks' disability. LaPointe appealed the denial of New Hampshire benefits for the succeeding twelve weeks, but accepted a lump sum settlement of his New Hampshire claim before the appeal was heard. The Commission awarded LaPointe total incapacity benefits for the full seventeen-week period, reduced by the amount of the payments made to LaPointe under the New Hampshire statute. The Appellate Division affirmed both awards, and pursuant to 39 M.R.S.A. § 103–C (1989), this appeal followed.

We review decisions of the Commission only for errors of law. *Kuvaja v. Bethel Savings Bank*, 495 A.2d 804, 806 (Me.1985). We defer to administrative interpretations of law to the extent that they fall within the special expertise of the Commission. *Jacobsky v. C. D'Alfonso & Sons, Inc.* 358 A.2d 511, 514–15 (Me.1976). Because the Commission's expertise is limited to the Maine Workers' Compensation Act we conduct an independent review of the jurisdictional requirements imposed by the United States Constitution.

We have previously stated that when, as here, a Maine resident suffers a work-connected injury in a sister state, the Commission's subject matter jurisdiction is coextensive with the limits imposed by the due process and full faith and credit clauses of the United States Constitution.[1] *Dissell v. Trans World Airlines*, 511 A.2d 441, 443 (Me.1986). In *Dissell* we held that an employee's residence in Maine, without more, creates a sufficient Maine interest to satisfy the due process requirement for jurisdiction of the Maine Commission. 511 A.2d at 444. Since both LeBlanc and LaPointe are Maine residents, the sole issue in these appeals is whether the Commission had subject matter jurisdiction within the purview of the full faith and credit clause.

The full faith and credit clause requires that no sister state have such an "overriding interest" in a case that the exercise of Maine jurisdiction constitutes an infringement on that state's sovereignty. *Dissell*, 511 A.2d at 445. Maine's interest need not be greater than that of the sister state, but Maine must have a valid interest, and Maine jurisdiction must not reflect hostility to the statutes of the sister state or threaten our system of cooperative

---

**1.** U.S. Const. amend. XIV, § 1; U.S. Const. art. IV, § 1; *see* 28 U.S.C. § 1738 (1982).

federalism. *Id.* at 445 n. 3 (citations omitted). Maine has a "legitimate and substantial interest" in ensuring that the burden of its residents' injuries falls upon their employer rather than upon their communities. *Id.* at 444. In the first instance, we must consider whether this interest of Maine offends any statute or judicial decision of the State of New Hampshire. The New Hampshire Workers' Compensation Law (Compensation Law) [2] contains no explicit bar to successive awards of benefits under the laws of other states.[3] We were cited no case, nor do we find one, in which a New Hampshire court has interpreted its Compensation Law as excluding other states' remedies.[4]

Although it is clear under the New Hampshire Compensation Law that its Commissioner of Labor has no authority to grant a Maine resident benefits accorded by the Maine Workers' Compensation Act,[5] the question remains whether New Hampshire administrative action in the instant cases forecloses further remedies under the Maine Workers' Compensation Act. In *Dissell*, the injured employee first received compensation under a settlement agreement signed in Massachusetts before seeking supplemental compensation in Maine. *Dissell*, 511 A.2d at 442. That agreement, however, had never received the administrative approval necessary to become final under Massachusetts law. Accordingly, we did not decide in that case whether final administrative action in a sister state would bar the Commission's jurisdiction as a matter of full faith and credit. *Id.* at 445 n. 4. Although in the cases before us there is final administrative action in New Hampshire, we find no violation of the full faith and credit clause because New Hampshire Compensation Law lacks the unmistakable language necessary to bar a successive re-

covery in another state. *Thomas v. Washington Gas Light Co.*, 448 U.S. 261, 100 S.Ct. 2647, 65 L.Ed.2d 757 (1980); *see also Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 725, 100 S.Ct. 2432, 2439, 65 L.Ed.2d 458 (1980). Accordingly, we hold the Commission's awards to LeBlanc and LaPointe did not infringe upon New Hampshire's sovereignty and that the Appellate Division properly affirmed the decisions of the Commission.

The entry is:

Decisions of the Appellate Division affirmed.

It is further ordered that the employer pay to each employee $750 for his attorney fees plus his reasonable out-of-pocket expenses for this appeal.

---

**2.** N.H.Rev.Stat.Ann. §§ 281:1–281:55 (1987), recodified at §§ 281–A:1 to 281–A:62 (Supp.1989).

**3.** *Cf.* N.H.Rev.Stat.Ann. § 281:12, recodified at § 281–A:8 (employees of New Hampshire employers conclusively presumed to have waived "all rights of action whether at common law or by statute or otherwise ...").

**4.** Acts similar to New Hampshire's have been found to lack the unmistakable language neces-

sary to bar successive recoveries in other states. *See Thomas v. Washington Gas Light Co.*, 448 U.S. 261, 265 n. 4, 289–90, 100 S.Ct. 2647, 2652 n. 4, 2665, 65 L.Ed.2d 757 (1980) (White, J., concurring); *Industrial Commission of Wisconsin v. McCartin*, 330 U.S. 622, 627–28, 67 S.Ct. 886, 889, 91 L.Ed. 1140 (1947).

**5.** *See* N.H.Rev.Stat.Ann. § 281:52, recodified at § 281–A:60.