2009 ME 92

**ST. MARY'S REGIONAL MEDICAL CENTER**

v.

**BATH IRON WORKS.**

Supreme Judicial Court of Maine.

Argued: May 20, 2009.
Decided: Aug. 18, 2009.

Evan M. Hansen, Esq., Jonathan G. Mermin, Esq. (orally), Preti, Flaherty, Beliveau & Pachios, LLP, Portland, ME, for Bath Iron Works.

Sheilah R. McLaughlin, Esq. (orally), Douglas, Denham, Buccina & Ernst, Portland, ME, for St. Mary's Regional Medical Center.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1]   In this workers' compensation appeal, we are asked to decide whether a health care provider is entitled to maintain a direct action for reimbursement of treatment costs pursuant to the Maine Workers' Compensation Act, 39–A M.R.S. §§ 101–909 (2008), which would exceed payment made pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950 (1994 & 2009 Supp.), when the injured employee has proceeded only under the Longshore Act.

[¶ 2]   Bath Iron Works appeals from a decision of a Workers' Compensation Board hearing officer (*Goodnough, HO*) (1) determining that St. Mary's Regional

Medical Center was entitled to seek reimbursement under the Maine Act, and (2) granting St. Mary's petition for medical and related services. BIW contends that St. Mary's is not entitled to reimbursement under the Maine Act because the employees chose to proceed under the Longshore Act and therefore BIW's liability to St. Mary's should be determined according to that choice. We affirm the hearing officer's decision.

## I. FACTUAL BACKGROUND

[¶ 3] Gerard Richard suffered an injury to his neck that arose out of and in the course of his employment with BIW on June 21, 2001. Richard D. Smith injured his back while working for BIW on November 24, 2003. Both employees were treated for their injuries at St. Mary's Medical Center. Both were eligible for wage loss benefits pursuant to the Longshore Act and the Maine Workers' Compensation Act, and each sought and received benefits under the Longshore Act.

[¶ 4] St. Mary's billed BIW $31,417 for Richard's treatment, and $75,179 for Smith's treatment. BIW paid St. Mary's pursuant to the Longshore fee schedule, $13,566 for Richard and $24,633 for Smith.[1] St. Mary's then filed a provider's petition for payment of medical and related services under the Maine Workers' Compensation Act pursuant to 39–A M.R.S. § 206(12) and Me. W.C.B. Rule, ch. 5, § 9(4), seeking the full amount it charged for its services with offsets for all amounts BIW paid pursuant to the Longshore fee schedule. The Workers' Compensation Board has not promulgated a fee schedule for facility charges; thus, under Maine law, St. Mary's would be entitled to be paid its "usual and customary charge" for facility charges. 39–A M.R.S. § 209(2); *Fernald v. Shaw's Supermarkets, Inc.,* 2008 ME 81, ¶ 15, 946 A.2d 395, 400–01.

[¶ 5] The two petitions for payment were consolidated before the Board. BIW moved to dismiss, arguing that the Workers' Compensation Board lacked jurisdiction because the Maine Workers' Compensation Act is inapplicable in cases in which the employees have elected to proceed under the Longshore Act. The hearing officer, concluding that federal and state jurisdiction is concurrent in this area, and finding no authority that would bar a health care provider from seeking medical payments under state law when the employees chose to proceed under the Federal Act, denied the motion and granted St. Mary's petitions. BIW filed a petition for appellate review, which we granted pursuant to 39–A M.R.S. § 322 (2008) and M.R.App. P. 23(c).

## II. DISCUSSION

[¶ 6] At issue is whether the hearing officer erred when determining that St. Mary's may recover its costs of treatment under the more generous provisions of the Maine Act pursuant to a direct action before the Maine Workers' Compensation Board, when the employees have chosen to seek benefits only under the Longshore Act. For the reasons that follow, we find no error.

[¶ 7] We review decisions of the Workers' Compensation Board for errors of law. 39–A M.R.S. §§ 318, 322 (2008). We defer to the Board's interpretations of law to the extent that they fall within the Board's special expertise, which is limited to interpretations of our Workers' Compensation Act. *LeBlanc v. United Eng'rs &*

---

1. At oral argument, the parties indicated that there is a dispute, not raised in the petition for review or appellate briefs, as to whether BIW has paid all amounts due St. Mary's pursuant to the Longshore Act fee schedule. We express no opinion on this issue.

*Constructors, Inc.,* 584 A.2d 675, 677 (Me. 1991). We conduct an independent review of the jurisdictional requirements imposed by the United States Constitution or federal law. *See id.*

[¶ 8] "The [Longshore Act] is a federal workers' compensation statute designed in part to provide compensation for injuries sustained by persons engaged in maritime employment." *Bouford v. Bath Iron Works,* 514 A.2d 470, 472 (Me.1986). The applicability of the Longshore Act does not, however, prevent a state from applying its workers' compensation scheme to land-based injuries that are also covered by the Federal Act. *Sun Ship, Inc. v. Pennsylvania,* 447 U.S. 715, 717–19, 721–22, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980); *Bouford,* 514 A.2d at 471. In other words, the Longshore Act and a state Workers' Compensation Act may apply concurrently. *Sun Ship,* 447 U.S. at 719, 721–22, 100 S.Ct. 2432; *see also Bath Iron Works Corp. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor,* 125 F.3d 18, 20 (1st Cir.1997) ("It is not uncommon for employees connected to maritime affairs to be covered by both federal and state compensation statutes...."); *McElheney v. Kvaerner Phila. Shipyard,* 596 Pa. 48, 940 A.2d 351, 359 (Pa.2008) (holding that maritime employee injured during land-based activity is entitled to concurrent compensation under both the Longshore Act and the Pennsylvania Workers' Compensation Act).

[¶ 9] When jurisdiction is concurrent, the injured worker is free to apply for benefits under either system. *Sun Ship,* 447 U.S. at 724, 100 S.Ct. 2432. Most critical to our analysis, the employee is not required to elect one remedy to the exclusion of the other. *Parker v. Bath Iron Works Corp.,* 644 A.2d 1037, 1039–40 (Me.1994). "Election of remedies involves a choice between *inconsistent* remedies.

State and Longshore benefits are not inconsistent but complementary, just as different state benefits are complementary to each other...." 9 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 145.07[5] (2006) (footnote omitted). Thus, there is no jurisdictional bar to an employee first seeking benefits pursuant to a state workers' compensation act, then pursuing more generous benefits available pursuant to the Federal Act, or the reverse, so long as there is no double recovery or contradictory claim. *See id.; see also Bath Iron Works,* 125 F.3d at 23 (stating that "successive claims under federal and state law are entirely permissible" subject to limitations on duplicative recovery and conventional limitations such as collateral estoppel).

[¶ 10] "[C]oncurrent jurisdiction for federal and state compensation acts [is] consistent with ensuring that any award a marine worker receives meets the minimum benefits under the [Longshore Act] regardless of whether he was injured on land or over water." *Bouford,* 514 A.2d at 472. The United States Supreme Court emphasized in *Sun Ship* that Congress's intent in enacting the Longshore Act was to provide a federal *floor* for benefits, not a *ceiling*:

> [I]f state remedial schemes are more generous than federal law, concurrent jurisdiction could result in more favorable awards for workers' injuries than under an exclusively federal compensation system. But we find no evidence that Congress was concerned about a disparity between adequate federal benefits and *superior* state benefits.

*Sun Ship,* 447 U.S. at 724, 100 S.Ct. 2432. The Maine Legislature has taken no action to reduce, restrict, or limit benefits in these circumstances. Accordingly, an employee receiving benefits for a work-related injury may, when eligible, access both

Acts to recover the most generous level of benefits for the identified injury.

[¶ 11] There is no question, however, that although state compensation schemes are not pre-empted by the Longshore Act in areas of concurrent jurisdiction, double recovery of benefits is not permitted. *Id.* at 725 n. 8, 100 S.Ct. 2432. An employer must receive credit for amounts paid under the other scheme. *Id.; see also Stockford v. Bath Iron Works Corp.*, 482 A.2d 843, 845 (Me.1984).

[¶ 12] In the matters before us, the employees' receipt of wage loss benefits and medical payments pursuant to the Longshore Act would not preclude a successive action *by the employees* to obtain a more generous level of benefits if they were available under the Maine Act. At issue is whether the employees' health care provider may, under principles of concurrent jurisdiction, file a direct action with the Workers' Compensation Board to obtain additional benefits when the employees have not done so.

[¶ 13] Title 39–A M.R.S. § 206 governs the parties' obligations to pay for medical and related services.[2] It makes the employer responsible to pay for the "reasonable and proper medical, surgical and hospital services, nursing, medicines,

and mechanical, surgical aids" required by an employee who suffers a work-related injury. *Id.* The employee has a duty promptly to inform the employer of medical services procured, and the employer or its insurer has a duty promptly to pay for them, provided "the costs are necessary and adequate and the charges reasonable." *Id.* § 206(7). The statute and Board Rules expressly provide that the employee is not liable for the cost of medical services provided pursuant to section 206. *Id.* § 206(13); Me. W.C.B. Rule, ch. 5, § 9(5).

[¶ 14] "When there is any disagreement as to the proper costs of the services or aids, the periods during which they must be furnished, or the apportionment of the costs among the parties, *any interested person* may file a petition with the board for the determination of the issues." 39–A M.R.S. § 206(12) (emphasis added). In the event of a dispute about payment, Board Rules authorize health care providers to file a "Petition to Fix the Amount to be Allowed," which initiates procedures "for determination of any issue regarding medical services and/or medical billing." Me. W.C.B. Rule, ch. 5, § 9(4).

[¶ 15] Thus, both title 39–A and Board Rules allow a health care provider to bring

---

2. Title 39–A M.R.S. § 206 (2008) provides, in relevant part:

An employee sustaining a personal injury arising out of and in the course of employment or disabled by occupational disease is entitled to reasonable and proper medical, surgical and hospital services, nursing, medicines, and mechanical, surgical aids, as needed, paid for by the employer.

. . . .

**7. Employee and employer duties.** When any services are procured or aids are required by the employee, it is the employee's duty to see that the employer is given prompt notice of that procurement or requirement. The employer shall then make prompt payment for them to the provider or supplier or reimburse the employee, in ac-

cordance with section 205, subsection 4, if the costs are necessary and adequate and the charges reasonable. . . .

. . . .

**12. Petition.** When there is any disagreement as to the proper costs of the services or aids, the periods during which they must be furnished, or the apportionment of the costs among the parties, any interested person may file a petition with the board for the determination of the issues.

**13. Employee not liable.** Except as ordered pursuant to subsection 2, paragraph B, an employee is not liable for any portion of the cost of any provided medical or health care services under this section.

a direct action against an employer for reimbursement for medical services rendered to an injured employee, and simultaneously relieve the employee from liability for health care costs. The health care provider stands in the employee's place when pursuing a direct action for medical payments against an employer.[3] The employee, who would have the right to pursue the higher medical payments before the Board after receiving payments pursuant to the Longshore Act, has little or no incentive to do so. Because the employee could pursue the action, and because the provider stands in the employee's place when pursuing reimbursement for medical costs, we conclude that a health care provider may pursue a remedy under the Maine Act after the employer's liability under the Longshore Act has been satisfied, subject to any defenses or conventional limitations that may exist specific to that claim.

[¶ 16] BIW contends, nonetheless, that concurrent jurisdiction exists for the benefit of employees, to ensure that they receive at least the federal minimum in benefits, not to allow health care providers to elect the more generous payment provisions. According to BIW, once the employee decides which remedy to pursue, the health care provider is bound by that choice. Employees, however, are not required to make an election. An employee who initially pursues a remedy under the federal scheme, and later learns that greater or better benefits are available under the state compensation scheme, is not precluded from filing an action for state benefits, subject to appropriate offsets and applicable defenses. *Bath Iron Works*, 125 F.3d at 23. Because jurisdiction is complementary and no election of remedies is required, and because the pro-

vider stands in the place of the employee, there is no reason that the provider cannot seek reimbursement in either or both forums.

[¶ 17] BIW next argues that the Longshore Act and regulations promulgated thereunder require that fee disputes arising under the Federal Act must be resolved by the Director of the Office of Workers' Compensation Programs (OWCP). *See, e.g.,* 33 U.S.C.A. § 907(g) (1994) (providing that provider charges must be limited to charges that "prevail in the community for such treatment, and shall be subject to regulation by the Secretary"); 20 C.F.R. § 702.407(b) (2009) (providing that the Director of OWCP is responsible for determining whether charges for medical care exceed those permitted by the Act); 20 C.F.R. § 702.413 (2009) (providing that the Director of OWCP decides prevailing rate in the community using federal fee schedule). Additionally, BIW contends that the Maine Act does not authorize reimbursement of medical expenses incurred pursuant to the Longshore Act. *See* 39–A M.R.S. § 209(3) (limiting "reimbursement for health care services provided to employees *under this Title* " (emphasis added)).

[¶ 18] St. Mary's, however, is not pursuing reimbursement under the federal scheme in these proceedings, therefore neither the state nor federal law prohibits its claim. The petitions at issue in this case seek payment for medical treatment pursuant to Maine law, and the Longshore Act is implicated only to the extent of the offset allowed for medical payments made pursuant to the federal fee schedule.

[¶ 19] Finally, BIW asserts that allowing providers to increase their reimbursement payments over what they would be

---

**3.** BIW does not dispute that the health care provider is subrogated to the employee's rights when seeking payment for services rendered.

entitled to under the Longshore Act would subvert the Legislature's intent "to ensure appropriate limitations on the cost of health care services." 39–A M.R.S. § 209(1). However, the Legislature addressed those concerns by authorizing the Workers' Compensation Board, pursuant to 39–A M.R.S. § 209(1), to set appropriate rates for the services at issue here. To date, the Board has not established a fee schedule applicable to facility charges that would place additional limitations on the cost of those services. *Fernald,* 2008 ME 81, ¶ 15, 946 A.2d at 400–01. Thus, pursuant to the Workers' Compensation Act, the providers remain entitled to recover their "usual and customary charge[s]." 39–A M.R.S. § 209(2).

The entry is:

The decision of the Workers' Compensation Board hearing officer is affirmed.