**STATE of Maine**

v.

**Larry EMERY.**

Supreme Judicial Court of Maine.

Argued Nov. 9, 1987.
Decided Dec. 24, 1987.

Michael E. Povich, Dist. Atty., Jane M. Eaton (orally), Asst. Dist. Atty., Machias, for plaintiff.

Sandra Hylander Collier (orally), Silsby & Silsby, Ellsworth, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The defendant, Larry Emery, appeals from a judgment of the Superior Court, Washington County, denying his motion for a reduction of sentence pursuant to M.R. Crim.P. 35(c). Emery contends that the Superior Court misapprehended his prospects for rehabilitation because of his failure to admit guilt at the sentencing hearing, and that that constituted a "mistake of fact" which justified a reduction of sentence under Rule 35(c). We conclude that Emery's sentence was not influenced by a mistake of fact existing at the time of sentencing and affirm the judgment.

After a jury trial in Superior Court and on the strength of the testimony of the victim, Emery was convicted of twenty-five counts of gross sexual misconduct. 17–A M.R.S.A. § 253 (1983 & Supp.1987). During the trial he maintained his innocence.

At the sentencing hearing on October 31, 1986, Emery once again asserted his innocence. He was sentenced to concurrent sentences of twelve years in the custody of the Department of Corrections on each of the twenty-five counts. Emery was committed to the custody of the Department of Corrections immediately after sentencing.

On January 6, 1987, Emery filed a motion to correct or reduce sentence pursuant to M.R.Crim.P. 35. A hearing on the motion was held on May 15, 1987, at which time Emery testified that within a short time of his arrival at Thomaston State Prison he telephoned his counsel and was able to admit his guilt for the first time. He further testified that he had begun participating in a sex offenders' therapy program at Thomaston and that he felt remorse about his sexual involvement with the victim.

On May 19, 1987, the presiding justice denied the motion, concluding that no "mistake of fact" influenced Emery's sentence that would authorize a reduction in that sentence under M.R.Crim.P. 35. Emery filed a timely notice of appeal pursuant to M.R.Crim.P. 37.

Emery contends on appeal that a reduction of his sentence is authorized by Rule 35, which provides in pertinent part as follows:

**(c) Reduction of Sentence After Commencement of Execution.**

(1) *Timing of Motion.* Within one year after a sentence is imposed and before the execution of the sentence is completed, on motion of the defendant or the attorney for the state, or on the court's own motion, the justice who imposed sentence may reduce a sentence.

(2) *Ground of Motion.* The ground of the motion shall be that the original sentence was influenced by a *mistake of fact which existed at the time of sentencing.*

(Emphasis added.)

The power conferred on a sentencing justice by Rule 35(c) is "limited authority to

correct errors in the foundational facts on which [a] sentence [is] based." *State v. Hunter*, 447 A.2d 797, 802 (Me.1982). Emery argues that the Superior Court's misapprehension about his prospects for rehabilitation, caused by his failure to admit his guilt at the sentencing hearing, constituted a "mistake of fact" for purposes of Rule 35(c).

The reduction of a sentence under M.R. Crim.P. 35 is discretionary with the sentencing justice and will be reversed on appeal only upon an abuse of discretion. *State v. Dyer*, 371 A.2d 1079, 1086 (Me. 1977). Not only has Emery shown no abuse of discretion, but we find his argument utterly unpersuasive. At the time of sentencing, Emery was apparently unable to admit his guilt or express remorse of any kind. His change of attitude, occurring after the commencement of his sentence, did not constitute a fact existing at the time of sentencing and so did not give rise to a "mistake of fact" on the part of the sentencing justice. M.R.Crim.P. 35(c)(2).

This is clearly a case in which a defendant's post-sentencing behavior is being offered as a basis for reducing his sentence. "Facts consisting of post-sentencing developments, such as evidence indicative of a defendant's efforts at rehabilitation, are inadmissible at a hearing on motion to reduce sentence under Rule 35." 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 35.3 at 35–15, 16 n. 40 (1987).

The entry is:

Judgment affirmed.

All concurring.