**STATE of Maine**

v.

**Jack FROST.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1989.

Decided Sept. 26, 1989.

1. 17–A M.R.S.A. § 208 provides in pertinent part:

Paul Aranson, Dist. Atty., Laurence Gardner, Deputy Dist. Atty., Charles J. McKee, Law Student, Portland, for plaintiff.

Michael T. Phelan, Sebago Lake, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Defendant Jack Frost appeals from a conviction of aggravated assault (17–A M.R.S.A. § 208 (1983)) resulting from a jury trial in the Superior Court (Cumberland County, *Lipez, J.*). Defendant moved for continuance when a defense witness failed to appear in response to a subpoena. The presiding justice determined that the missing witnesses' testimony would be cumulative and denied defendant's motion to continue the trial. We find that the justice did not abuse his discretion and thus, his ruling must be upheld on appeal. *State v. Reed,* 479 A.2d 1291, 1295 (Me.1984). We also find that the evidence was sufficient to allow the jury rationally to find beyond a reasonable doubt every element of the offense charged. *State v. Barry,* 495 A.2d 825, 826 (Me.1985).

Finally, defendant argues that the court erroneously supplemented his instructions concerning the definition of "serious bodily injury."[1] The evidence re-

1. A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:

vealed that the victim in this case sustained three fractures of the cheekbone and four fractures of the nose. Further, the evidence supported the conclusion that he was not able to breathe through his nose until it had been repaired surgically. During their deliberations, the jury returned a note asking, "does aggravated assault involving impairment to a body part, not able to breathe through nose, does that impairment have to be permanent or temporary, or does it matter ...?" After conferring with counsel and over the objection of defense counsel, the presiding justice delivered the following written response: "I wish to advise you that the substantial impairment of the function of any bodily member or organ does not have to be per-

manent in order for the jury to find serious bodily injury." Defendant now argues that because the statute is silent "there is not a question of law but a question for the jury to decide." We hold that the jury's question was one of law. Moreover, the response of the presiding justice was both appropriate and accurate.

The entry is:

Judgment affirmed.

---

A. Serious bodily injury to another....
"Serious bodily injury" is defined in 17–A M.R.S.A. § 2(23) (1983) as "a bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or loss

or substantial impairment of the function of any bodily member or organ, or extended convalescence necessary for recovery of physical health.