**STATE of Maine**

v.

**Jack FROST.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 1, 1990.

. Decided Nov. 16, 1990.

Paul Aranson, Dist. Atty., Laurence Gardner, Deputy Dist. Atty., Portland, for plaintiff.

Edward Daigle, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Jack Frost appeals from a denial by the Superior Court (Cumberland County, *Lipez, J.*) of a motion to reduce a sentence imposed upon him after his conviction for aggravated assault. Because Frost failed to demonstrate that his sentence was influenced by a mistake of fact, the trial court was without authority to reduce the sentence pursuant to M.R.Crim.P. 35(c), and we affirm.

After a jury trial, Jack Frost was found guilty of aggravated assault, 17–A M.R. S.A. § 208 (1983) 564 A.2d 70. He was sentenced to six years to the Department of Corrections, with all but four years suspended, and three years probation. Four months later, Frost filed a timely motion pursuant to M.R.Crim.P. 35(c)[1] to reduce his sentence, alleging that the original sentence was influenced by a mistake of fact existing at the time of sentencing.

A reduction of a sentence under M.R. Crim.P. 35 is discretionary with the sentencing justice. *State v. Emery*, 534 A.2d 1317, 1319 (Me.1987). Before the trial court can exercise its discretion to reduce a sentence after the execution of the sentence is commenced, however, the defendant must demonstrate that the sentence imposed was influenced by a mistake of fact that existed at the time of the sentencing. M.R.Crim.P. 35(c). Absent that showing, the court has no authority to reduce the sentence. *Id.*

Frost contends that he is entitled to a reduction of his sentence because the prosecuting attorney misrepresented his past criminal record at the sentencing hearing,[2] and the court had to be influenced by that

---

1. M.R.Crim.P. 35(c) provides as follows:
   (c) **Reduction of Sentence After Commencement of Execution.**
   (1) *Timing of Motion.* Within one year after a sentence is imposed and before the execution of the sentence is completed, on motion of the defendant or the attorney for the state, or on the court's own motion, the justice or judge who imposed sentence may reduce a sentence.
   (2) *Ground of Motion.* The ground of the motion shall be that the original sentence was

influenced by a mistake of fact which existed at the time of sentencing.

2. Frost had four burglary convictions. Frost claims that at the sentencing hearing, the prosecutor represented that Frost had at least seven burglary convictions. Frost made no effort to correct the prosecutor's recitation of his criminal record. The record does not clearly reflect a misrepresentation by the prosecutor. In any event, the court found that the sentence had not

 

mistake when it sentenced him. Mistakes concerning a defendant's prior criminal record, if they influence the sentence imposed, could constitute grounds for a reduction of sentence under Rule 35(c). *See* 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 35.4 at 35–18 (1990). In this case, however, the court found that there were no mistakes of fact that influenced Frost's sentence and the record does not compel a contrary finding.[3] Therefore, the court had no authority under M.R.Crim.P. 35(c) to reduce the sentence.

The entry is:

Judgment affirmed.

All concurring.

been influenced by any mistake as to Frost's record.

**3.** At the sentencing, the court placed great emphasis on the severity of the assault, its unprovoked nature and the seriousness of the victim's injuries. The court took into account that Frost had a prior burglary record, but made clear in its decision on the Rule 35 motion that it considered two prior Class B burglaries to constitute a serious criminal record. Frost apparently had three Class B burglary convictions.