**STATE of Maine**

v.

**Bruce COLLIND.**

Supreme Judicial Court of Maine.

Submitted on briefs Jan. 10, 1992.

Decided Jan. 23, 1992.

Michael Cantara, Dist. Atty., Alfred, for state.

Robert A. Levine, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Bruce Collind appeals from a judgment entered after a hearing before the Superior Court (York County, *Lipez, J.*) denying Collind's timely motion, pursuant to M.R.Crim.P. 35(c), for a reduction of his sentence. After execution of his sentence was commenced, Collind discovered that he was HIV positive and that this condition reasonably could be expected to drastically reduce his life expectancy. He contends that the sentence was based on the incorrect assumption that Collind had a normal life expectancy and that the denial of his motion was an abuse of discretion. We affirm the judgment.

M.R.Crim.P. 35(c) authorizes the sentencing justice to reduce a sentence within one year after it is imposed and before execution of the sentence is completed on the ground that the original sentence was influenced by a mistake of fact that existed at the time of sentencing. *State v. Emery*, 534 A.2d 1317, 1318–19 (Me.1987). The exercise of this limited authority is discretionary with the sentencing justice. *State v. Frost*, 582 A.2d 782 (Me.1990). The burden was on Collind to demonstrate that the sentence imposed was influenced by the claimed mistake of fact as to Collind's life expectancy. *Id.* Absent that showing, the justice had no authority to reduce the sentence. M.R.Crim.P. 35(c). Here, the justice found that Collind's life expectancy was not a factor that influenced the justice in imposing sentence, and the record does not compel a contrary finding. Therefore, the sentencing justice had no authority under M.R.Crim.P. 35(c) to reduce the sentence and properly denied Collind's motion for a reduction of the imposed sentence. *State v. Frost*, 582 A.2d at 783.

The entry is:

Judgment affirmed.

All concurring.