1998 ME 167

**STATE of Maine**

v.

**Frank CUNNINGHAM.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 15, 1998.

Decided July 1, 1998.

Michael P. Cantara, District Attorney; David Gregory, of counsel, Alfred, for the State.

Joseph M. Wrobleski, Saco, for Defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant Frank Cunningham appeals from a judgment entered in the Superior Court (York County, *Fritzsche, J.*) following a jury verdict finding him guilty of aggravated assault. 17–A M.R.S.A. § 208 (1983). On appeal, defendant challenges the sufficiency of the evidence and raises two unpreserved claims of error. Finally, he challenges the propriety of the sentence, even though leave to appeal the sentence was previously denied. We affirm the judgment.

[¶ 2] The jury could have found the following facts: After an evening of drinking, defendant and a young female acquaintance began to fight while riding in a vehicle. The driver, a friend of defendant, pulled the vehicle to the side of the road and defendant threw the woman into the roadway. She attempted to run but defendant caught her and swung her in the air like a "rag doll." He threw her down, slammed his knee into her chest, and placed his other knee across her throat. She could not breathe and she thought she was going to die. A car stopped to investigate, shining its headlights on de-

fendant. He then stood up and let the woman go.

[¶ 3] The two passengers in the car that stopped to investigate testified that they witnessed defendant jumping on, kicking, strangling, and dragging the young woman. They explained that, following defendant's departure, the woman was in convulsions and was having difficulty breathing. She was later treated at a hospital for minor cuts and a 20% pneumothorax (partial collapse of the lung), that, if left untreated, could have resulted in a total collapse of the lung.

[¶ 4] Contrary to defendant's contention, there was sufficient evidence for the jury to conclude that the victim's injuries constituted serious bodily injury as defined in 17–A M.R.S.A. § 2(23), *see State v. Frost*, 564 A.2d 70, 71 (Me.1989), or alternatively, that he caused bodily injury under circumstances manifesting extreme indifference to the value of human life. *See State v. Dodd*, 503 A.2d 1302 (Me.1986). Defendant argues that the court erred in failing to define the term "cause" in instructing the jury concerning the elements of assault. He also argues that the court erred in allowing the witness [1] in the second car to testify that she thought the young woman would have been killed had she and her boyfriend not intervened. No objection was offered with regard to either claim. We review for obvious error and find none.

[¶ 5] Even though the Sentence Review Panel denied defendant's application to appeal his sentence, he argues on direct appeal that the court erred in setting defendant's basic sentence at seven years. A departure from the sentencing process set forth in *State v. Hewey*, 622 A.2d 1151 (Me.1993) and now codified at 17–A M.R.S.A. § 1252–C (Supp.1997), creates no reviewable issue on direct appeal. *See State v. Cyr*, 611 A.2d 64, 66 (Me.1992). Moreover, we do not consider the legality of a sentence on direct appeal "unless a 'jurisdictional infirmity' appears on the record 'so plainly as to preclude rational disagreement as to its existence.'" *State v.*

1. Contrary to defendant's contention, only one witness made the statement which he assigns as error.

*Parker*, 372 A.2d 570, 572 (Me.1977). Measured by this standard, defendant's claim is truly frivolous.

The entry is:

Judgment affirmed.

