STATE OF MAINE

YORK, ss.

DONALD L. GARBRECHT
LAW LIBRARY

JUN 29 2000

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-051
PAF-YOR-6/27/2000

STEVEN H. ARNOLD, et al.,

  Plaintiffs

v.

ORDER
AND
DECISION

TOWN OF OGUNQUIT and
ROBERT M. YOUNG,

  Defendants

The plaintiffs are owners of real estate in Ogunquit located near the proposed Windward Subdivision. They have appealed from a decision of the Ogunquit Planning Board which approved the final plan for the proposed subdivision and granted waivers from several subdivision requirements.

The first set of issues in the appeal concern the standing of both the plaintiffs and the defendant Robert Young. Regardless of whether all of the plaintiffs named in the complaint participated in the Planning Board hearings, a substantial number of them did. As participants who are abutting landowners they have clearly established their standing. See *Brooks v. Cumberland Farms, Inc.*, 1997 Me. 203 ¶¶ 8-11, 703 A.2d 844, 847. It is not necessary to potentially dismiss a few of the plaintiffs for lack of standing when a large number of plaintiffs have standing to bring the complaint.

A similar issue has been raised concerning the standing of one of the defendants, the developer Robert Young. The record is clear that he has been acting

as the agent for owners of property that would compromise most of the proposed development. He may not have had an interest in all of the land needed for the subdivision as some of it may be owned by the Ogunquit Museum of Art. This smaller portion may be subject to a property trading agreement with the museum. He does have a sufficient personal stake in the controversy for standing in Court and had an interest in the majority of the property which was sufficient to seek administrative action by the Planning Board. See *Madore v. Maine Land Use Regulation Commission*, 1998 Me. 167 ¶¶ 7-11, 715 A.2d 157, 160-1. This determination is made despite the finding of fact, number 3, of the Ogunquit Planning Board of February 14, 2000 which stated, "The applicant is Robert M. Young who has not demonstrated a legal interest in the property by providing letters from the landowners designating him as their agent." The word "not" was a clerical error.

The central issues concern the granting of waivers by the Board from a number of subdivision requirements. Can the Board grant these waivers or are they really variances which only a Board of Appeals or Zoning Board of Appeal can grant? See *Perkins v. Town of Ogunquit*, 1998 Me. 42, 709 A.2d 106. Are the waivers consistent with the town's ordinance and are they supported by substantial evidence?

In this case, after public hearings and substantial controversy, the Planning Board, pursuant to Article 12 of its Standards for Reviewing Land Subdivisions and Other Projects, granted waivers from its normal requirements. Waivers were

2

granted for road grade, street width, number of public street connections, sidewalk width and cul-de-sac design requirements. The evidence in the record and the findings of fact demonstrate that all of the requirements for all of the waivers have been met if the Planning Board can grant the waivers. While some of the reasons used by the Board to support the granting of the waivers are of general applicability to all real estate, the Board has made sufficient findings, supported by substantial evidence, to meet the requirement in Article 12.2 of its Standards that waivers be granted "... due to special circumstances of a particular Plan ...."

In the *Perkins* case, the Ogunquit Planning Board granted a waiver of a frontage requirement after the Board of Appeals had denied a variance from that frontage requirement. Unlike the *Perkins* case, in this case the waivers that were sought and granted are truly waivers from sub-division standards and are not an attempt to circumvent a zoning requirement such as a road frontage or set back requirement.

The final concerns regarding signed plans and a performance bond can be resolved by the signing of the plans and the obtaining of the necessary bond.

Therefore, the entry is:

> Judgment for the defendants. Decisions of the Ogunquit Planning Board regarding the "Windward Subdivision" are affirmed.

Dated:     June 27, 2000

PLAINTIFF:
Alan S. Nelson, Esq.
PRESCOTT LEMOINE JAMIESON & NELSON
PO BOX 1190
SACO ME  04072-1190

Defendant: Town of Ogunquit
John P. McVeigh, Esq.
PRETI FLAHERTY BELIVEAU & PACHIOS
PO BOX 9546
PORTLAND ME  04112-9546

Paul A. Fritzsche
Justice, Superior Court

Defendant —Robert M.Young
Paul W. Cadigan, Esq.   Wayne T. Adams, Esq.
PO Bx 116           PO Bx 3030
Kennebunk, ME 04043   Kennebunk, ME. 04043