STATE OF MAINE
OXFORD, ss.

RECEIVED

MAY 04 2010

Oxford Superior Court

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-09-12
P. W C   - O X F - 5/4/201

DWAYNE & DEBBIE BONNEY,

Plaintiffs

v.

ORDER

STEPHENS MEMORIAL HOSPITAL,

and

JOHN DOE, GUARD,

Defendants

This matter is before the court on the motion of the defendants, Stephens Memorial Hospital and John Doe, a guard at Stephens Memorial Hospital (collectively SMH), to dismiss and for summary judgment on the plaintiffs', Dwayne and Debbie Bonney, pending claims against them. Hearing was held on the motions on March 17, 2010.

## I. BACKGROUND

Most of the facts of this case are undisputed and may be briefly summarized as follows: On February 1, 2007, the Bonneys were victims of an assault that occurred during an invasion of their home. Both of the Bonneys suffered three severe skull fractures from the assault. The Bonneys drove themselves to SMH, and when they arrived a security guard working at the hospital called the Norway Police to report the incident while the Bonneys received medical care. The police came to the hospital where they were given access to the Bonneys to question them about the assault.

Based in part on information obtained while at SMH, the police obtained a warrant to search the Bonneys' home for evidence pertaining to the invasion and

assault.[1] After the warrant was issued, the police entered the Bonneys' residence and observed a significant amount of marijuana cultivation. This evidence eventually resulted in the Bonneys criminal prosecution and conviction for drug trafficking.

The Bonneys filed a notice of claim against the defendants, alleging that hospital personnel violated their rights under state and federal law by reporting to the police confidential medical information. They specifically claim that the defendants violated their privacy under state and federal law by wrongfully reporting the incident to the police. *See* 22 M.R.S.A. § 1711-C; Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d *et seq.* They claim to have suffered both intentional and negligent infliction of emotional distress as a result of the report to the police. The defendants have moved for summary judgment on the claims arising under state law, contending that 30-A M.R.S.A. § 287 provides immunity to health care providers who report assaults to law enforcement when serious bodily injury has been inflicted, even where no written authorization has been provided. The defendants have also moved to dismiss the HIPAA claim, arguing that HIPAA does not provide plaintiffs with a private right of action.

## II. DISCUSSION

### A. State Law Claims

#### 1. Standard of Review: Motion for Summary Judgment

"Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence, considered in the light most favorable to the non-moving party, indicates that no genuine issue of material fact is in

---

[1] The Bonneys contend that they requested the hospital to not contact the police, that the assault was merely an excuse to search their home because of police suspicions that Dwayne possessed marijuana, that the search was beyond the warrant's parameters, and that the search was based on a faulty affidavit. (P.S.A.M.F. ¶¶ 10-13.) These issues, however, are not material to the Bonneys' claims, and even if they were material facts they are not disputed and would not bar summary judgment.

2

dispute." *Blue Star Corp. v. CKF Props. LLC*, 2009 ME 101, ¶ 23, 980 A.2d 1270, 1276 (citing *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825; *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 13, 864 A.2d 169, 174); *see also* M. R. Civ. P. 56. A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. *Reliance National Indemnity v. Knowles Industrial Services*, 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25.

A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22.

2.     Title 30-A M.R.S.A. § 287

The defendants contend that 30-A M.R.S.A. § 287 entitles them to summary judgment on all state law claims because that statute provides immunity to physicians and hospitals that report treating victims of crimes causing serious bodily injury. The plaintiffs disagree and argue that the statute provides no such immunity.

When interpreting the meaning of a statute, courts "must give effect to the intent of the Legislature as evidenced by the language of the statute." *Stone v. Board of Registration in Medicine*, 503 A.2d 222, 226 (Me. 1986) (citing *Concord General Mutual Insurance Co. v. Patrons-Oxford Mutual Insurance Co.*, 411 A.2d 1017, 1020 (Me. 1980)).

"It is proper for a court to go to the legislative history for guidance only when the legislative intent cannot be determined by the 'plain meaning' of the statutory language." *Pennings v. Pennings*, 2002 ME 3, ¶ 13, 786 A.2d 622, 627 (citing *Kimball v. Land Use Reg. Comm'n*, 2000 ME 20, ¶ 18, 745 A.2d 387, 392; *Coker v. City of Lewiston*,

3

1998 ME 93, ¶ 7, 710 A.2d 909, 910; *Rowe v. Chapman Trucking*, 629 A.2d 1224, 1226 (Me. 1993)). "Only if the language of a statute is ambiguous will [the court] look beyond it to the legislative history or other external indicia of legislative intent." *In re Adoption of Patricia S.*, 2009 ME 76, ¶ 11, 976 A.2d 966, 969 (noting that ambiguous language is "language that is reasonably susceptible of different interpretations") (internal citations and quotations omitted); *see also Rowe*, 629 A.2d at 1226 (if the meaning of a statute is plain, there is no need to look at secondary indicia of legislative intent).

In light of these rules of statutory construction, the court first looks to the plain meaning of the statute. The statute states, in pertinent part:

> § 287 Physical examination of crime victims
>
> **1. PAYMENT OF EXPENSES BY DISTRICT ATTORNEY.** Except as provided in subsection 2, in all cases reported to a law enforcement officer of sexual crimes against minors or assault when serious bodily injury has been inflicted, the office of the district attorney of the county in which the alleged crime occurred shall pay the expenses of a physical examination of the victim conducted for the purpose of obtaining evidence for the prosecution . . . .
>
> . . . .
>
> **3. MEDICAL PERSONNEL NOT LIABLE FOR FURNISHING REPORTS, RECORDS OR TESTIMONY.** A physician, nurse, hospital, clinic or any other person, firm or corporation attending a victim under subsection 1 is not liable in damages or otherwise for providing reports or records, copies of reports or records or for their testimony relating to any examination performed under this section when those reports, records or testimony are provided to a district attorney, a law enforcement officer or a court for the purpose of prosecuting the alleged crime, whether or not the reports, records or testimony are provided with the written authorization of the victim examined under this section.

30-A M.R.S.A. § 287.

Since neither the term "serious bodily injury" nor "reports" is expressly defined, "they must be accorded their plain and common meaning and should be construed

4

according to their natural import." *Stone v. Board of Registration in Medicine*, 503 A.2d 222, 226 (Me. 1986) (internal quotations and citations omitted).

The court concludes that the plaintiffs sustained "serious bodily injury" within the meaning of 30-A M.R.S.A. § 2871(1).[2] Both Plaintiffs suffered three skull fractures during the assault. One of the fractures that Debbie Bonney sustained was so serious that it "pushed a section of her skull into her brain one half an inch deep." (D.S.M.F. ¶¶ 2-3.) Plaintiff Dwayne Bonney's skull fractures resulted in his hospitalization, and required physical therapy so that he could walk again. (D.S.M.F. ¶¶ 5-7.) It is difficult to dispute that these are serious bodily injuries.

Similarly, the court construes the statute to conclude that providing a "report" to law enforcement includes an oral report. The plain language of the statute provides immunity to reports provided "for the purpose of prosecuting the alleged crime;" the statute does not direct that such reports must be written. The statute permits health care providers to report to law enforcement the treatment of an assault victim when serious bodily injury has been inflicted when the purpose of the report is to prosecute an alleged crime.[3] The report may be written, but that is not a requirement.

---

[2] The Law Court has concluded that injuries arguably less egregious than those suffered by the plaintiffs fall within the definition of serious bodily injury. *See e.g., State v. Cunningham*, 1998 ME 167, ¶¶ 2-4, 715 A.2d 156, 156-57 (finding serious bodily injury where the victim was treated "for minor cuts and a 20% pneumothorax (partial collapse of the lung), that, if left untreated, could have resulted in a total collapse of the lung"); *State v. Frost*, 564 A.2d 70, 70-71 (Me. 1989) (serious bodily injury found where "[t]he evidence revealed that the victim . . . sustained three fractures of the cheekbone and four fractures of the nose, [and] was not able to breathe through his nose until it had been repaired surgically"); *State v. Colomy*, 407 A.2d 1115, 1120 (Me. 1979) (serious bodily injury found where damage to the victim's kidney included resulted in a hospitalization for several days).

[3] Pursuant to the interpretation of the statute as urged by the plaintiffs, perpetrators of crimes would be given more protection than victims and potential future victims. This would produce an illogical result, one that was not intended by the legislature. *See State v. Hopkins*, 526 A.2d 945, 950 (Me. 1987) (citing *State v. Rand*, 430 A.2d 808, 817 (Me. 1981) ("The Legislature is presumed not to intend an absurd result, and legislation will be construed to avoid, if possible, inconsistency, contradiction and illogicality.").

The plaintiffs here sustained serious bodily injuries, caused by an assault that took place during a home invasion. SMH provided a report of the assault and the resultant serious bodily injuries to law enforcement for the purpose of prosecuting the alleged crime. Therefore, SMH is immune from suit even though the plaintiffs did not provide written authorization to report the home invasion to the police. *See* 30-A M.R.S.A. § 287(3).

This construction of the statute is consistent with its purpose of protecting the public. The prevention of violent crimes is of great public interest. This is especially true where the crime is a violent home invasion. Public policy mandates the reporting of these crimes to help law enforcement apprehend criminals. Health care providers are in a unique position to aid public welfare by reporting violent crimes when victims seek treatment. The Legislature granted immunity to health care providers when they report violent crimes to law enforcement. A patient's interest in confidentially has to be balanced against society's interest in detecting and reporting crimes, especially crimes of violence.

A.      Federal Claim

1.      Standard of Review: Motion to Dismiss

A "motion for judgment on the pleadings is the functional equivalent of a motion to dismiss for failure to state a claim." *Stevens v. Bouchard*, 532 A.2d 1028, 1029 (Me. 1987). The court must "examine the complaint in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action or facts entitling the plaintiffs to relief on some legal theory" and "assume that all factual allegations in the complaint are true." *Id.* at 1030; *see also Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832 (stating that in determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause

6

of action that may reasonably be inferred from the complaint," and a claim will be dismissed only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he [or she] might prove in support of his [or her] claim." (quoting *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246)).

## 2. HIPAA Claim

The plaintiffs allege that the defendants violated their right to privacy pursuant to HIPAA regulations. *See* 42 U.S.C. §§ 1320d *et seq.*

In this instance, however, the court need not determine whether the plaintiffs had a right to maintain the confidentiality of their medical records under HIPAA because the statute does not provide a private right of action to the individuals it purports to protect. *See Kelly v. United States*, 2009 U.S. Dist. LEXIS 123117 (D.N.H. Nov. 10, 2009) (internal citations omitted).[4] Although Maine has not addressed whether individuals have a private cause of action under HIPAA, courts that have addressed the issue have consistently held that HIPAA does not provide a private cause of action. *See id.; Acara v. Banks*, 470 F.3d 560, 571-72 (5th Cir. 2006) (listing District Court decisions finding that HIPAA does not create a private cause of action). "While civil and criminal penalties are available for certain violations of HIPAA's requirements, the statute specifically delegates enforcement of those penalties to the Secretary of Health and Human Services." *Id.* (citing 42 U.S.C. § 1320d-5; *Acara v. Banks*, 470 F.3d 569, 571 (5th cir. 2006)); *Marquez v. Principi*, 2009 U.S. Dist. LEXIS 12733, 13-14 (D.P.R. Feb. 18, 2009)).

Accordingly, the plaintiffs are precluded from asserting a claim in this court for any breach of HIPAA privacy provisions. *See Acara*, 470 F.3d at 572 ("[w]e hold there is

---

[4] The court also notes that the statute provides exceptions to confidentiality where reporting is authorized or required. *See* 42 U.S.C.S. § 1320d-7(b) ("Nothing in this part [42 U.S.C. §§ 1320d *et seq.*] shall be construed to invalidate or limit the authority, power, or procedures established under any law providing for the reporting of disease or injury . . . or public health investigation or intervention.").

7

no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over [plaintiff's] asserted claims").

The Plaintiffs' further contention that HIPAA provides a "common law suit for the violation of health care information" is unpersuasive and unsupported by law. (Pl.'s Obj. to Def.'s M. Dismiss at 33.) Accordingly, the court must grant the defendants' motion to dismiss the plaintiffs' HIPAA claim.

The entry is:

> The defendants' motion for summary judgment is granted. Judgment for the defendants on plaintiff's State claim. Plaintiffs' claim brought pursuant to 42 U.S.C. §§ 1320 *et seq.* is dismissed.

Dated: May 3, 2010

Robert W. Clifford
Active Retired Justice