STATE OF MAINE                                    UNIFIED CRIMINAL COURT
KENNEBEC, ss                                      LOCATION: AUGUSTA
                                                  DOCKET NO. CR-2015-1300


STATE OF MAINE                    )
                                  )
v.                                )         ORDER ON MOTION TO REDUCE
                                  )                 SENTENCE
BRIAN DANAHER                     )


Hearing on the Defendant's motion to reduce sentence was held on March 23, 2017. The Defendant was present and represented by David Geller, Esq.. The State was represented by Assistant District Attorney Frank Griffin. The Court promised the parties that it would listen to the full sentencing from February 1, 2016 following the hearing and it has done so.

The Defendant entered guilty pleas on December 10, 2015, for two charges that included Aggravated Trafficking in Scheduled Drugs, Class A, according to 17-A M.R.S.A. §1105-A(1)(B)(1) and Aggravated Trafficking in Scheduled Drugs, Class A, according to 17-A M.R.S.A. §1105-A(1)(D). These were "open" pleas and the sentencing was continued until February 1, 2016. The Defendant also admitted to three other counts of criminal forfeiture contained in the same indictment. Counts Three through Eight of the indictment were dismissed. The Defendant had also previously admitted to a motion to revoke probation (CR-11-215). The parties agreed that whatever sentences the Defendant received on the felony aggravated trafficking charges, the probation revocation would run concurrently with these sentences. The Defendant was present and represented by David Geller, Esq.. The State was represented by Assistant District Attorney Frank Griffin. The State had submitted a sentencing memorandum before sentencing for the Court's consideration that laid out a review of the evidence in the case and a Hewey analysis including the Defendant's criminal record and the aggravating and

1

mitigating factors. During the sentencing argument, the State further explained that the drugs involved acetylfentanyl and cocaine base. The State argued that the drugs that the Defendant trafficked in were extremely dangerous and in unusually huge amounts. The State argued that the Defendant had a lengthy record with several previous probation revocations and terminations. The State explained this record included crimes of violence and included felonies and misdemeanors. The Defendant had served 15 months in 2008 for a Burglary conviction. In 2011, the Defendant was sentenced to 8 years all but 2 years suspended and 3 years of probation for Trafficking in Scheduled Drugs. The State argued that while the Defendant has had a serious drug addiction for many years, this did not excuse the serious drug trafficking charges. The State argued that the Defendant should serve 25 years in the Department of Corrections.

The Defendant spoke at his sentencing and accepted full responsibility for his actions and apologized to the Court and his family and friends for the mistakes he had made. Defendant, through counsel, argued that the Defendant fully confessed to police to trafficking drugs for about 9 months when arrested but also admitted that he was heavily addicted to drugs. Defendant argued mitigating factors included: his drug addiction; his immediate acceptance of responsibility to police; his quickly pleading guilty and not having a trial; his difficult childhood; his history of employment and positive work history; his limited criminal history of mainly misdemeanors; and his true remorse for his criminal acts. Defendant also submitted other comparable cases from Kennebec County for the Court's consideration. The Defendant recommended that he should receive a sentence of 6 years (or a full revocation) on his pending probation revocation involving his 2011 Trafficking conviction. The Defendant agreed that he should not be placed back on probation again and recommended that he receive a straight

2

sentence of 8 years to the Department of Corrections – to run concurrently with the probation revocation.

The Court ultimately imposed a sentence of 12 years to the Department of Corrections on both counts of Aggravated Trafficking, Class A. These sentences were ordered to run concurrently with each other. The Court also imposed the two mandatory minimum $400 fines on the Aggravated Trafficking charges. The Court declined to order restitution to the State for the cost of drug testing. On the probation revocation matter, the Court ordered a full revocation and probation to terminate and ordered the Defendant to serve 6 years to the Department of Corrections – to run concurrently with the two Aggravated Trafficking sentences.

The Defendant in this action argues that the sentences should be reduced because a mistake of fact existed at the time of sentencing according to Maine Rules of Unified Criminal Procedure, Rule 35(c). The Rule reads "On motion of the defendant or the attorney for the State, or on the court's own motion, made within one year after a sentence is imposed and before the execution of the sentence is completed, the justice or judge who imposed sentence may reduce that incomplete sentence." "The ground of the motion shall be that the original sentence was influenced by a mistake of fact that existed at the time of sentencing." The Defendant argues that the State's characterization of him that he was a bad person that needed to be locked up was a mistake of fact. The Defendant asks the Court to consider the fact that, since he has been in prison, he has done lots of good work including building 150 lamps in the prison shop. Defendant argues that this shows that he is a good worker who can learn and legitimately make money. Defendant argues that he has been attending substance abuse classes in prison and has become a "coach" within the program. Defendant argues that he has taken full responsibility for his actions and has shown maturity. Defendant also has attended some parenting classes while in

3

prison. Defendant also points out that that he was young when he became addicted to drugs and his family basically left him.

First, the Court is impressed with the positive steps the Defendant has taken while in prison and is encouraged with his progress. The Court hopes that the Defendant continues with these programs and other programs offered in the Department of Corrections before he is eventually released back into society. Unfortunately, none of these accomplishments point to a mistake of fact that existed at the time of sentencing. The State did not improperly argue that the Defendant was a "bad person" but instead correctly pointed out the Defendant's actions that lead to his convictions and his prior criminal record. None of these things were incorrect or improper. It should be noted that the State also pointed out some mitigating factors for the Court to consider at Defendant's sentencing.

Most of the arguments that Defendant makes now were brought up and argued at his sentencing over a year ago and the Court considered them as mitigating factors at that time. The Court sees no evidence of any mistakes of fact at the time of sentencing that would warrant a reduction of the Defendant's sentence.

"Because Frost failed to demonstrate that his sentence was influenced by a mistake of fact, the trial court was without authority to reduce the sentence pursuant to M.R. Crim. P. 35(c)." *State v. Frost*, 582 A.2d 782 (1990). As in the *Frost* case, this Court was not influenced by any mistake of fact and thus has no authority to reduce the sentence.

"This is clearly a case in which a defendant's post-sentencing behavior is being offered as a basis for reducing his sentence. 'Facts consisting of post-sentencing developments, such as evidence indicative of a defendant's efforts at rehabilitation, are inadmissible at a hearing on

4

motion to reduce sentence under Rule 35.' 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 35.3 at 35-15, 16 n.40 (1987)." *State v. Emery*, 534 A.2d 1317 (1987).

Accordingly, the Defendant's Motion to Reduce Sentence is **DENIED**.

The entry shall be:

For the foregoing reasons, the Defendant's Motion to Reduce Sentence is denied.

Dated: March 27, 2017

Eric J. Walker,
Judge, Maine District Court

STATE OF MAINE
    vs
BRIAN   DANAHER
11 SHERWIN STREET APT 2
WATERVILLE ME 04901

CRIMINAL DOCKET
KENNEBEC, ss.
Docket No  KENCD-CR-2015-01300

**DOCKET RECORD**

DOB: 01/22/1986
Attorney: DAVID GELLER                          State's Attorney: MAEGHAN MALONEY
          LAW OFFICE OF SIDNEY H GELLER
          18 SILVER STREET
          WATERVILLE ME 04901
          APPOINTED 08/26/2015

Filing Document: CRIMINAL COMPLAINT             Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 08/24/2015

Charge(s)

1   AGGRAVATED  TRAFFICKING  OF  SCHEDULED  DRUGS   08/21/2015 WATERVILLE
Seq 8555  17-A  1105-A(1)(B)(1)        Class A
    CLOUTIER               / WAT

2   AGGRAVATED  TRAFFICKING  OF  SCHEDULED  DRUGS   08/21/2015 WATERVILLE
Seq 9050  17-A  1105-A(1)(D)           Class A
    CLOUTIER               / WAT

3   AGGRAVATED  TRAFFICKING  OF  SCHEDULED  DRUGS   08/21/2015 WATERVILLE
Seq 11550 17-A  1105-A(1)(B)(1)        Class A
    CLOUTIER               / WAT

4   AGGRAVATED  FURNISHING  OF  SCHEDULED  DRUGS    08/21/2015 WATERVILLE
Seq 9074  17-A  1105-C(1)(B)(1)        Class B
    CLOUTIER               / WAT

5   UNLAWFUL  POSSESSION  OF  SCHEDULED  DRUG       08/21/2015 WATERVILLE
Seq 8566  17-A  1107-A(1)(A)(2)        Class B  Charged with INDICTMENT on Supplem
    CLOUTIER               / WAT

6   UNLAWFUL  POSSESSION  OF  OXYCODONE            08/21/2015 WATERVILLE
Seq 11123 17-A  1107-A(1)(B)(4)        Class C  Charged with INDICTMENT on Supplem
    CLOUTIER               / WAT

7   UNLAWFUL  POSSESSION  OF  SCHEDULED  DRUG       08/21/2015 WATERVILLE
Seq 8571  17-A  1107-A(1)(C)           Class D  Charged with INDICTMENT on Supplem
    CLOUTIER               / WAT

8   ENDANGERING  THE  WELFARE  OF  A  CHILD        08/21/2015 WATERVILLE
Seq 4478  17-A  554(1)(C)              Class D  Charged with INDICTMENT on Supplem
    CLOUTIER               / WAT

9   CRIMINAL  FORFEITURE  OF  PROPERTY            08/21/2015 WATERVILLE
Seq 7049  15    5826                    Class U  Charged with INDICTMENT on Supplem
    CLOUTIER               / WAT

10  CRIMINAL  FORFEITURE  OF  PROPERTY            08/21/2015 WATERVILLE
Seq 7049  15    5826                    Class U  Charged with INDICTMENT on Supplem

CLOUTIER                    / WAT

11  CRIMINAL FORFEITURE OF PROPERTY              08/21/2015 WATERVILLE
Seq 7049  15    5826              Class U  Charged with INDICTMENT on Supplem
   CLOUTIER              / WAT

Docket Events:

08/24/2015 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 08/24/2015

08/24/2015 Charge(s): 1,2,3,4
           HEARING -  INITIAL APPEARANCE SCHEDULE OTHER COURT ON 08/24/2015 at 01:00 p.m. in Room No.  1

           AUGSC
08/25/2015 Charge(s): 1,2,3,4
           HEARING -  INITIAL APPEARANCE HELD ON 08/24/2015
           PAUL A FRITZSCHE , JUSTICE
08/25/2015 Charge(s): 1,2,3,4
           PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 08/24/2015

08/25/2015 BAIL BOND - $50,000.00 CASH BAIL BOND SET BY COURT ON 08/24/2015
           DONALD H MARDEN , JUSTICE
           NO U/P INTOX/DRUGS. RST. MAY BE REVIEWED
08/25/2015 BAIL BOND -  CASH BAIL BOND COND RELEASE ISSUED ON 08/24/2015
           DONALD H MARDEN , JUSTICE
08/25/2015 BAIL BOND -  CASH BAIL BOND COMMITMENT ISSUED ON 08/24/2015
           DONALD H MARDEN , JUSTICE
08/25/2015 Charge(s): 1,2,3,4
           HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 12/10/2015 at 10:00 a.m. in Room No.  1

08/25/2015 Charge(s): 1,2,3,4
           MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 08/25/2015

08/26/2015 Charge(s): 1,2,3,4
           MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 08/25/2015
           WILLIAM  STOKES , JUSTICE
           COPY TO PARTIES/COUNSEL
08/26/2015 Party(s): BRIAN DANAHER
           ATTORNEY -  APPOINTED ORDERED ON 08/26/2015

           Attorney: DAVID GELLER
08/26/2015 Charge(s): 1,2,3,4
           HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 08/26/2015

11/04/2015 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
           SUPPLEMENTAL FILING -  INDICTMENT FILED ON 10/30/2015

11/04/2015 Charge(s): 1,2,3,4
           HEARING -  DISPOSITIONAL CONFERENCE NOT HELD ON 11/04/2015

11/04/2015 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
           HEARING -  ARRAIGNMENT SCHEDULED FOR 12/10/2015 at 10:00 a.m. in Room No.  1

11/04/2015 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
          HEARING -   ARRAIGNMENT NOTICE SENT ON 11/04/2015

12/14/2015 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
          HEARING -   ARRAIGNMENT HELD ON 12/10/2015
          ROBERT E MULLEN , JUSTICE
          DEFENDANT INFORMED OF CHARGES.
12/14/2015 Charge(s): 1,2,3,9,10,11
          HEARING -   RULE 11 HEARING HELD ON 12/10/2015
          ROBERT E MULLEN , JUSTICE
          READING WAIVED
12/14/2015 Charge(s): 1,2
          PLEA -   GUILTY ENTERED BY DEFENDANT ON 12/10/2015

12/14/2015 Charge(s): 1,2
          FINDING -   GUILTY ENTERED BY COURT ON 12/10/2015
          ROBERT E MULLEN , JUSTICE
12/14/2015 Charge(s): 1,2
          FINDING -   GUILTY CONT FOR SENTENCING ON 12/10/2015

12/14/2015 Charge(s): 9,10,11
          PLEA -   ADMIT ENTERED BY DEFENDANT ON 12/10/2015

12/14/2015 Charge(s): 9,10,11
          FINDING -   FORFEITURE ENTERED BY COURT ON 12/10/2015
          ROBERT E MULLEN , JUSTICE
12/14/2015 Charge(s): 3,4,5,6,7,8
          FINDING -   DIS BY DA/AG-PLED OTHER CHARGE ENTERED ON 12/10/2015

12/14/2015 HEARING -   SENTENCE HEARING SCHEDULED FOR 02/01/2016 at 09:00 a.m. in Room No.   3

12/14/2015 HEARING -   SENTENCE HEARING NOTICE SENT ON 12/14/2015

01/28/2016 OTHER FILING -   SENTENCING MEMORANDUM FILED BY STATE ON 01/28/2016

          DA:   FRANCIS GRIFFIN
02/01/2016 HEARING -   SENTENCE HEARING HELD ON 02/01/2016
          ERIC  WALKER , JUDGE
02/08/2016 Charge(s): 1
          RULING -   ORIGINAL ORDERED ON 02/01/2016
          ERIC  WALKER , JUDGE
          It is adjudged that the defendant is guilty of 1 AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS
          17-A 1105-A(1)(B)(1) Class A as charged and convicted.

          The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 12 year(s).

          The defendant shall serve the initial portion of the foregoing sentence at the Department Of
          Corrections in .

          Charge #1: It is ordered that the defendant forfeit and pay the sum of $ 400.00 as a
          fine to the clerk of the court, plus applicable surcharges and assessments.

10% GOV'T OPERATION SURCHARGE FUND $ 40.00
100% GENERAL FUND $ 400.00
1% COUNTY JAIL $ 4.00
5% GENERAL FUND ADDL 5% SURCHARGE $ 20.00
3% MAINE CRIMINAL JUSTICE ACADEMY 2006 $ 12.00
1% MSP COMPUTER CRIMES $ 4.00
$ 35 VICTIMS COMPENSATION FUND
**TOTAL DUE:$ 515.00.**

02/08/2016 Charge(s): 1
RULING -  ORIGINAL ISSUED ON 02/01/2016

DEFENDANT ACKNOWLEDGES RECEIPT
02/08/2016 Charge(s): 2
RULING -  ORIGINAL ORDERED ON 02/01/2016
ERIC  WALKER , JUDGE
It is adjudged that the defendant is guilty of 2 AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS
17-A 1105-A(1)(D) Class A as charged and convicted.

The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 12 year(s).

This sentence to be served concurrently with: KENCDCR201501300  Charge: 1

The defendant shall serve the initial portion of the foregoing sentence at the Department Of
Corrections in .

Charge #2: It is ordered that the defendant forfeit and pay the sum of $ 400.00 as a
fine to the clerk of the court, plus applicable surcharges and assessments.

10% GOV'T OPERATION SURCHARGE FUND $ 40.00
100% GENERAL FUND $ 400.00
1% COUNTY JAIL $ 4.00
5% GENERAL FUND ADDL 5% SURCHARGE $ 20.00
3% MAINE CRIMINAL JUSTICE ACADEMY 2006 $ 12.00
1% MSP COMPUTER CRIMES $ 4.00
$ 35 VICTIMS COMPENSATION FUND
**TOTAL DUE:$ 515.00.**

02/08/2016 Charge(s): 2
RULING -  AUDIT REPORT FINE UPDATED ON 02/08/2016

Charge: 2    Previous value(s) => Base Fine: 0    Current value(s) => Base Fine: 400
02/08/2016 Charge(s): 2
RULING -  ORIGINAL ISSUED ON 02/01/2016

DEFENDANT ACKNOWLEDGES RECEIPT
02/08/2016 OTHER FILING -  FINE PAYMENT SCHEDULE ORDERED ON 02/08/2016

INSTALLMENT PYMTS:        25.00; WEEKLY:F; BI-WEEKLY:F; MONTHLY:T; BI-MONTHLY:F; PYMT
BEGIN:20280204 AT 0000; PYMT IN FULL:       AT 0000; THRU PPO:F;   PYMT DUE AMT:
586.06;      PMT DUE:20280204 AT 0000; OTHER:
03/21/2016 MOTION -  OTHER MOTION FILED BY STATE ON 03/17/2016

                CRIMINAL FORFEITURE MOT                                    X3
03/21/2016 MOTION - OTHER MOTION GRANTED ON 03/17/2016
                ERIC WALKER , JUDGE
                CRIMINAL FORFEITURE MOT                                    X3
01/06/2017 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 01/06/2017

01/06/2017 NOTE - OTHER CASE NOTE ENTERED ON 01/06/2017

        DEF MOTION FOR REDUCTION IN SENTENCE, PENDING MOTION FOR APPT OF COUNSEL.

                                        1/10/17 DAVID GELLER APPOINTED, SENT DEF'S
        MOTION TO DAVID GELLER
01/10/2017 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 01/10/2017
                ERIC WALKER , JUDGE
                COPIES TO PARTIES/COUNSEL
01/30/2017 MOTION - MOTION REDUCTION OF SENTENCE FILED BY DEFENDANT ON 01/23/2017

01/30/2017 HEARING - MOTION REDUCTION OF SENTENCE SCHEDULED FOR 02/06/2017 at 03:00 p.m. in Room No.  1

                NOTICE TO PARTIES/COUNSEL
01/30/2017 HEARING - MOTION REDUCTION OF SENTENCE NOTICE SENT ON 01/30/2017

01/31/2017 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
                MOTION - OTHER MOTION FILED BY STATE ON 01/31/2017

                MOTION TO DISMISS DEF'S MOTION TO REDUCE SENTENCE
02/02/2017 HEARING - MOTION REDUCTION OF SENTENCE CONTINUED ON 02/02/2017
                ROBERT E MULLEN , JUSTICE
02/03/2017 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
                HEARING - MOTION REDUCTION OF SENTENCE SCHEDULED FOR 02/14/2017 at 03:00 p.m. in Room No.  2

                NOTICE. TO PARTIES/COUNSEL
02/03/2017 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
                HEARING - MOTION REDUCTION OF SENTENCE NOTICE SENT ON 02/03/2017

02/07/2017 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
                MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 02/07/2017

02/10/2017 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
                MOTION - MOTION TO CONTINUE GRANTED ON 02/07/2017
                WILLIAM STOKES , JUSTICE
                COPIES TO PARTIES/COUNSEL
02/10/2017 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
                HEARING - MOTION REDUCTION OF SENTENCE CONTINUED ON 02/07/2017

02/10/2017 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
                HEARING - MOTION REDUCTION OF SENTENCE SCHEDULED FOR 03/23/2017 at 10:00 a.m. in Room No.  1

02/10/2017 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
                HEARING - MOTION REDUCTION OF SENTENCE NOTICE SENT ON 02/10/2017

02/10/2017 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 02/10/2017

03/17/2017 MOTION - OTHER MOTION FILED BY STATE ON 03/17/2017

MOTION TO CHANGE TIME
03/20/2017 MOTION - OTHER MOTION GRANTED ON 03/20/2017
TOM NALE , JUDGE
MOTION TO CHANGE TIME
03/20/2017 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
HEARING - MOTION REDUCTION OF SENTENCE CONTINUED ON 03/20/2017

03/20/2017 HEARING - MOTION REDUCTION OF SENTENCE SCHEDULED FOR 03/23/2017 at 01:00 p.m. in Room No. 1

03/23/2017 HEARING - MOTION REDUCTION OF SENTENCE HELD ON 03/23/2017 in Room No. 1
ERIC WALKER , JUDGE
Attorney: DAVID GELLER
DA: FRANCIS GRIFFIN
Defendant Present in Court
03/23/2017 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
MOTION - OTHER MOTION UNDER ADVISEMENT ON 03/23/2017
ERIC WALKER , JUDGE
MOTION TO DISMISS DEF'S MOTION TO REDUCE SENTENCE
03/23/2017 NOTE - OTHER CASE NOTE ENTERED ON 03/23/2017

CASE LOCATION WITH JUDGE ERIC WALKER
03/27/2017 Charge(s): 1,2,3,4,5,6,7,8,9,10,11
MOTION - OTHER MOTION DENIED ON 03/27/2017
ERIC WALKER , JUDGE
MOTION TO DISMISS DEF'S MOTION TO REDUCE SENTENCE
03/27/2017 MOTION - MOTION REDUCTION OF SENTENCE DENIED ON 03/27/2017
ERIC WALKER , JUDGE
COPIES TO PARTIES/COUNSEL
03/28/2017 Charge(s): 1,2
ORDER - COURT ORDER ENTERED ON 03/27/2017
ERIC WALKER , JUDGE
ORDER ON MOTION TO REDUCE SENTENCE

## Receipts

| Date | | Amount | | |
|------|------|--------|------|------|
| 03/03/2016 | Case Payment | $117.53 | CK | paid. |
| 04/07/2016 | Case Payment | $100.00 | CK | paid. |
| 05/06/2016 | Case Payment | $25.00 | CK | paid. |
| 08/05/2016 | Case Payment | $39.63 | CK | paid. |
| 09/06/2016 | Case Payment | $24.43 | CK | paid. |
| 10/12/2016 | Case Payment | $26.94 | CK | paid. |
| 11/04/2016 | Case Payment | $11.83 | CK | paid. |
| 12/23/2016 | Case Payment | $30.00 | CK | paid. |
| 01/13/2017 | Case Payment | $16.90 | CK | paid. |
| 02/07/2017 | Case Payment | $20.51 | CK | paid. |
| 03/07/2017 | Case Payment | $31.17 | CK | paid. |

## FINE PAYMENT SCHEDULE
To pay $25 monthly beginning 02/04/2028 or warrant to issue.

A TRUE COPY
ATTEST: _____
Clerk